IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| DAVID COOK | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 5:05CV00346 SWW |
| ARKANSAS DEPARTMENT OF | * | |
| CORRECTION; LARRY NORRIS, | * | |
| Director, individually and in his | * | |
| individual capacity; and RICK TONEY, | * | |
| Warden, individually and in his official | * | |
| capacity | * | |
| Defendants | * | |
| | * | |
| | * | |

### ORDER

Plaintiff David Cook ("Cook") brings this employment discrimination action under 42 U.S.C. § 1983, alleging that Defendants terminated his employment with the Arkansas Department of Correction ("ADC") in violation of his rights under the First and Fourteenth Amendments of the United States Constitution.[1]  Before the Court is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (docket entry #2). The time for responding has passed, and Plaintiff has not filed a response. After careful consideration, and for the reasons that follow, the motion to dismiss will be granted, and the complaint will be

---

[1]Cook also alleges that Defendants violated his rights under the Fifth Amendment. While particular rights contained in the Bill of Rights apply to the states through the Fourteenth Amendment, the Fifth Amendment's Due Process Clause applies exclusively to federal government action. Because Defendants are state actors, Plaintiffs fail to allege a Fifth Amendment violation in this case.

1

dismissed without prejudice.

### I.

In reviewing a motion under Rule 12(b)(6), all facts alleged in the complaint are assumed to be true. The complaint must be reviewed in the light most favorable to the plaintiff and should not be dismissed unless it is clear beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).

The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). However, a motion to dismiss is not a device for testing the truth of what is asserted or for determining whether the plaintiff has any evidence to back up his or her allegations. *ACLU Foundation v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). A motion to dismiss should be granted "as a practical matter . . . only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### II.

The following facts, which are assumed true for the purpose of review, are taken from Cook's complaint. On or about June 24, 2004, Defendant Toney, an ADC warden, terminated Cook's fifteen-year employment with the ADC, based on allegations that Cook had abused prisoners. Cook filed an administrative grievance, charging that he had been wrongfully terminated. An internal review committee conducted an evidentiary hearing concerning Cook's grievance and concluded that the charges of prisoner abuse against Cook were not credible and

that Cook should be reinstated to employment with minimal disciplinary action.  Defendant Norris, Director of the ADC, rejected the committee's findings and adopted and enforced Toney's decision to terminate Cook.  Cook exhausted his administrative remedies through the State Employee Grievance panel, which upheld the decision to terminate him.

**Procedural Due Process**

Cook claims that Defendants violated his right to due process by terminating him without good cause based on "insidious and unfounded" allegations.  He claims that Defendant Norris personally selected, on an ad hoc basis, "the forum for an employee's personnel grievance, as well as the specific members thereof, without guidelines or objective guidance of any kind, and then after the conduct of a full evidentiary hearing by such committee, [disregarded] the evidentiary-based findings and conclusions of such body and impose action himself on an arbitrary and capricious basis . . . . "  Docket entry #1, at 3.

Defendants argue that, even if Cook has alleged the existence of a protected property right, his allegations establish that he received all the process due under the Fourteenth Amendment.   The Court agrees.

When a state employee may be terminated only for cause, the minimum process due includes notice and "some kind of hearing" prior to the termination. *See Cleveland Bd. of Educ. v. Loudermill,* 105 S. Ct. 1487, 1493 (1985).  The fundamental requirement is the opportunity to be heard at a meaningful time and in a meaningful manner.  *Id*.

According to Cook's allegations, he received a "full evidentiary hearing" that resulted in the internal review committee's recommendation that the ADC reinstate his employment. Despite the recommendation, Defendant Norris upheld Defendant Toney's decision.

Accordingly, Cook's complaint is with Norris's decision to ignore the committee's recommendation--not with the procedures that preceded his termination.  The Due Process Clause does not guarantee correct decisions; it guarantees that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Based on Cook's allegations, he received the process due.  The Court finds that Cook has failed to allege a viable due process claim.

**First Amendment**

Cook asserts that Defendants violated his rights under the First Amendment.  The First Amendment is violated when a public employee is terminated as a result of speech about a matter of public concern.  *See Connick v. Myers*, 103 S. Ct. 1684 (1983).  The complaint in this case is void of any allegations that Cook uttered speech about a matter of public concern or that Defendants terminated him based on his speech, protected or otherwise.  Accordingly, the Court finds that Cook has failed to allege a violation of the First Amendment.

### III.

The Court finds that Cook has failed to allege the violation of a constitutional right.  Accordingly, his complaint, brought under 42 U.S.C. § 1983, must be dismissed.  IT IS THEREFORE ORDERED that Defendants' motion to dismiss (docket entry #2) is GRANTED.  This action is DISMISSED WITHOUT PREJUDICE pursuant to the judgment entered together with this order.

IT IS SO ORDERED THIS 17TH DAY OF APRIL, 2006.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE